UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

Anthony Graziano,

*Plaintiff,*

—against—

MBLIC Motors LLC d/b/a Empire Cadillac,

*Defendant.*

25 Civ. 2943

**COMPLAINT**
**Jury Trial Demanded**

---

Plaintiff Anthony Graziano, by and through his undersigned counsel, alleges against Defendant MBLIC Motors LLC d/b/a Empire Cadillac ("Empire Cadillac" or "Defendant") as follows:

### NATURE OF THE ACTION

1.      This action arises from a fraudulent and deceptive automobile transaction orchestrated by Defendant Empire Cadillac, a licensed motor vehicle dealer. Despite accepting Plaintiff's 2024 Jeep Wrangler as a trade-in and representing that it would satisfy the vehicle's outstanding loan balance, Defendant failed to do so. The result was a repossession that caused financial and reputational harm to Plaintiff and his family.

2.      Defendant's conduct violates the Truth in Lending Act, 15 U.S.C. § 1601 et seq. ("TILA"), and its implementing regulation, Regulation Z, as well as New York's General Business Law §§ 349 and 350. Defendant's actions also constitute common law fraud, conversion, breach of contract under UCC Article 2, and negligent misrepresentation.

3.      Plaintiff seeks actual and statutory damages, punitive damages, equitable reformation of contract, rescission, restitution, declaratory and injunctive relief, and other remedies as described herein.

1

**PARTIES**

4.      Plaintiff Anthony Graziano is an individual residing in Staten Island, New York.

5.      Upon information and belief, Defendant MBLIC Motors LLC d/b/a Empire Cadillac is a New York limited liability company with its principal place of business at 56-15 Northern Blvd., Woodside, NY 11377.

6.      Defendant is engaged in the business of selling, leasing, and financing new and used motor vehicles and is a creditor as defined under TILA.

**JURISDICTION AND VENUE**

7.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under federal law, specifically the Truth in Lending Act.

8.      The Court has supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367(a).

9.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events and omissions giving rise to the claims occurred within this District and Defendant transacts business here.

**FACTUAL ALLEGATIONS**

10.     On or about April 19, 2025, Plaintiff visited Defendant's dealership to lease a 2024 GMC Hummer EV SUV. The vehicle, bearing VIN 1GKB0NDE7RU113773 (the "Vehicle"), had over 20,000 miles—contrary to representations made by Defendant in its advertising and during initial discussions.

11.     Although Plaintiff had received prior approval for a lease, Defendant represented that Plaintiff would instead have to purchase the Vehicle through a retail installment contract.

12.     Defendant assured Plaintiff that his monthly payment of $1,931.00 reflected all applicable financing terms and included the full value and negative equity of Plaintiff's 2024 Jeep Wrangler, which he was trading in.

13.     Relying on these assurances, and under time pressure, Plaintiff executed a retail installment sales contract ("RISC").

14.     Unbeknownst to Plaintiff, Defendant later transmitted a materially altered version of the RISC to the lender. This altered document omitted the trade-in vehicle and bore only an electronic signature.

15.     Defendant failed to pay off the outstanding lien on the Jeep Wrangler, resulting in its repossession and auction. The obligor on that vehicle—Plaintiff's mother—suffered substantial credit damage.

16.     Plaintiff's subsequent inquiries revealed that Defendant had misrepresented the transaction both to Plaintiff and to the lender.

17.     Plaintiff attempted to resolve the matter informally. Defendant refused.

**FIRST CAUSE OF ACTION**
**Violation of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.***
**and Regulation Z**

18.     Plaintiff repeats and realleges Paragraphs 1 through 17.

19.     Defendant failed to disclose material terms required by 15 U.S.C. § 1638 and 12 C.F.R. § 1026.18, including: (a) The accurate amount financed; (b) The proper total sale price; and (c) The inclusion of the trade-in value and its associated negative equity.

20.     Plaintiff is entitled to actual and statutory damages, plus attorney's fees and costs under 15 U.S.C. § 1640(a).

3

## SECOND CAUSE OF ACTION
### Deceptive Acts and Practices – N.Y. G.B.L. § 349

21.     Plaintiff repeats and realleges Paragraphs 1 through 20.

22.     Defendant's misrepresentations regarding the trade-in and financing terms were materially misleading and consumer-oriented.

23.     Plaintiff suffered pecuniary and reputational harm and is entitled to actual and treble damages, punitive damages, and reasonable attorney's fees under GBL § 349(h).

## THIRD CAUSE OF ACTION
### False Advertising – N.Y. G.B.L. § 350

24.     Plaintiff repeats and realleges Paragraphs 1 through 23.

25.     Defendant falsely advertised the Vehicle and financing terms, inducing Plaintiff into an unfair transaction.

26.     Plaintiff seeks actual and punitive damages, and attorneys' fees under GBL § 350-e.

## FOURTH CAUSE OF ACTION
### Common Law Fraud

27.     Plaintiff repeats and realleges Paragraphs 1 through 26.

28.     Defendant knowingly made false representations about the transaction, including omitting the trade-in in documents submitted to the lender.

29.     Plaintiff justifiably relied and suffered measurable harm, including financial loss and reputational damage.

30.     Plaintiff seeks rescission, restitution, punitive damages, and all other appropriate relief.

**FIFTH CAUSE OF ACTION**
**Conversion**

31.     Plaintiff repeats and realleges Paragraphs 1 through 30.

32.     Defendant wrongfully exercised dominion and control over Plaintiff's trade-in vehicle by accepting it and failing to satisfy the lien, resulting in its unlawful repossession and sale.

33.     Plaintiff is entitled to damages for the value of the vehicle and consequential losses.

**SIXTH CAUSE OF ACTION**
**Breach of Contract / UCC § 2-301 *et seq.***

34.     Plaintiff repeats and realleges Paragraphs 1 through 33.

35.     The RISC is a contract governed by New York's UCC. Defendant materially breached the agreement by failing to account for the trade-in and failing to tender proper performance.

36.     Plaintiff seeks damages, rescission, and other appropriate relief under UCC §§ 2-301 et seq.

**SEVENTH CAUSE OF ACTION**
**Negligent Misrepresentation**

37.     Plaintiff repeats and realleges Paragraphs 1 through 36.

38.     Defendant owed Plaintiff a duty to act with reasonable care in representing material terms of the transaction. Defendant breached this duty, causing foreseeable harm.

39.     Plaintiff seeks compensatory damages and equitable relief.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands a jury trial on all issues so triable and respectfully

requests judgment in his favor and against Defendant as follows:

a. Actual damages in an amount to be determined at trial;

b. Statutory damages under 15 U.S.C. § 1640(a);

c. Treble and punitive damages pursuant to GBL §§ 349 and 350 and for fraud;

d. Rescission and restitution of all amounts paid, including the $9,000 down payment;

e. Cancellation of all obligations and security interests associated with the altered RISC;

f. Equitable reformation of the contract to reflect Plaintiff's original signed agreement;

g. Declaratory judgment that the version of the RISC submitted to the lender is invalid and unenforceable;

h. Credit repair relief or injunctive relief restoring Plaintiff's and his family's credit, to the extent permitted by New York law or federal consumer protection statutes;

i. Pre- and post-judgment interest;

j. Reasonable attorneys' fees and costs; and

k. Such other and further relief as this Court may deem just and proper.


Long Island City, New York
May 27, 2025

Respectfully,


/s/ *David Kasell*
David Kasell, Esq.
Kasell Law Firm
1038 Jackson Avenue, #4
Long Island City, NY 11101
(718) 404-6668
david@kaselllawfirm.com


6