Kasell Law Firm

July 28, 2025

**Via ECF**

Hon. James R. Cho
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East, Courtroom 11D
Brooklyn, NY 11201

**Re: Plaintiff's Opposition to Defendant's Request for a 60-day extension in *Graziano v. MBLIC Motors LLC***, No. 25 Civ. 02943 (NGG) (JRC)

Your Honor:

I write on behalf of Plaintiff Anthony Graziano to respectfully oppose Defendant's request for a sixty-day extension of time to respond to the Complaint. The application should be denied because it fails to comply with this Court's Individual Rules and does not articulate any good cause—let alone excusable neglect—warranting the relief sought. See Fed. R. Civ. P. 6(b)(1)(B) ("on motion made after the time has expired if the party failed to act because of excusable neglect")

To begin with, the request does not identify "any reasons given for withholding consent," as required by this Court's Individual Practice & Rules. More fundamentally, Defendant offers no justification for having failed to appear or respond to the Complaint by the June 30, 2025 deadline. *See* ECF No. 7 (proof of service on June 9, 2025).

After receiving no response by the deadline, I contacted Defendant directly on July 18, 2025 to advise that it had been sued. I then emailed the Complaint and affidavit of service to the representative I spoke with and asked if they had legal counsel and was advised did not. On July 21, 2025, Mr. Kataev contacted me and confirmed that he had been retained by Defendant. Despite this acknowledgment of active representation, no appearance was filed, nor was any relief sought, until a full week later—and only now does Defendant seek a sweeping 60-day extension.

Notably, Defendant provides no explanation whatsoever for the delay in responding over the past week or since June 9, 2025, when it was served. That omission alone is fatal. As the Second Circuit has explained, "[D]espite the flexibility of 'excusable neglect' and the existence of the four-factor test in which three of the factors usually weigh in favor of



1038 Jackson Avenue #4 • Long Island City, NY 11101

the party seeking the extension, we and other circuits have focused on the third factor: 'the reason for the delay, including whether it was within the reasonable control of the movant.'" *Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 366 (2d Cir. 2003) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)); see also *Blasi v. New York City Bd. of Educ.*, No. 00-CV-5320, 2008 WL 2705373, at *1 n.1 (E.D.N.Y. July 3, 2008).

The Second Circuit has repeatedly emphasized that this third factor—whether the delay was within the movant's reasonable control—can be dispositive. *See Robaina v. Deva Concepts, LLP*, No. 22-1142, 2023 WL 3144038, at *2 (2d Cir. Apr. 28, 2023) (quoting *Pioneer*, 507 U.S. at 395); *In re DeMartino*, 484 B.R. 550, 556 (Bankr. E.D.N.Y. 2012), *aff'd*, No. 09-40443, 2014 WL 1572580 (E.D.N.Y. Apr. 17, 2014).

Simply put, the reasons proffered in the application bear no connection to Defendant's failure to respond to a properly served complaint, nor do they justify the inaction since then, or even over the past week since counsel was retained.

Further, the purported justification for the length of the requested extension moving forward—brief travel of defendant's counsel and temporary unavailability of the purported General Counsel of this car dealership —falls well short of establishing "excusable neglect" under Rule 6(b)(1)(B). Defendant's own letter concedes that both counsel and the purported General Counsel are available after August 5, 2025.

Given these facts, I respectfully submit that a short extension of no more than fourteen days from August 5th is more than adequate. That is actually one more day than they would be entitled to if they had been served today (22 days from today).

This is not a complex case, and Defendant has provided no basis for the delay to date or for the excessive length of the extension it seeks. I understand that there is a preference for cases being resolved on the merits, but Rule 1 also states that the Rules "should be construed, administered, and employed by the court and the parties to secure the just, ***speedy***, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1 (emphasis added). It is, respectfully, the first Rule for a reason.

Finally, I must address one statement in Defendant's letter that I find troubling. The assertion that "the parties' counsel have previously worked together to resolve similar cases and have already begun discussing resolution" is misleading. While I understand the intended implication is that resolution is likely and relations are amicable, that is not the case. The ambiguity lies in the word "begun," and I respectfully submit that this

characterization should be rejected. To the extent that there is an implication that the parties might settle before the answer is filed, that, frankly, seems very unlikely.

For all of the above reasons, I respectfully oppose Defendant's request for a two-month extension. I do not oppose an extension of up to 22 days from today (which is 14 days after August 5th, the date on which Defendant's counsel and the purported General Counsel state they are available). This is more than enough time for prompt and reasonable response to the complaint.

Respectfully submitted,
By: /s/ *David Kasell*
David Kasell, Esq.
Attorney for Plaintiff
Anthony Graziano