UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ANTHONY GRAZIANO,

                                Plaintiff,

    -against-

MBLIC MOTORS LLC d/b/a EMPIRE CADILLAC,

                                Defendant.
------------------------------------------------------------------X

**Case No.: 1:25-cv-2943 (NGG) (JRC)**

**ANSWER**

       Defendant MBLIC Motors LLC d/b/a Empire Cadillac (hereinafter the "MBLIC" or "Defendant"), by and through its attorneys, Sage Legal LLC, hereby submits this Answer to the Complaint (hereinafter the "Complaint") of Plaintiff Anthony Graziano (hereinafter "Plaintiff") as follows:

## AS TO "NATURE OF THE ACTION"

1. Defendant admits that Plaintiff makes certain allegations contained in ¶ 1 of the Complaint concerning the basis of his claims but denies that Plaintiff is entitled to any relief.

2. Defendant admits that Plaintiff makes certain allegations contained in ¶ 2 of the Complaint concerning the basis of his claims but denies that Plaintiff is entitled to any relief.

3. Defendant denies that Plaintiff is entitled to any relief as set forth in ¶ 3 of the Complaint.

## AS TO "PARTIES"

4. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶ 4 of the Complaint.

5. Defendant admits to Plaintiff's allegations contained in ¶ 5 of the Complaint.

6. Defendant admits to Plaintiff's allegations contained in ¶ 6 of the Complaint that "Defendant is engaged in the business of selling, leasing, and financing new and used motor vehicles", but submits that Plaintiff's allegation that Defendant "is a creditor as defined under TILA" purports to set forth legal conclusions to which no response is required.

## AS TO "JURISDICTION AND VENUE"

7. ¶ 7 of the Complaint purports to set forth legal conclusions to which no response is required. To the extent that ¶ 7 sets forth any allegations of fact to which a response is required, Defendant denies those allegations.

8. ¶ 8 of the Complaint purports to set forth legal conclusions to which no response is required. To the extent that ¶ 8 sets forth any allegations of fact to which a response is required, Defendant denies those allegations.

9. ¶ 9 of the Complaint purports to set forth legal conclusions to which no response is required. To the extent that ¶ 9 sets forth any allegations of fact to which a response is required, Defendant denies those allegations.

## AS TO "FACTUAL ALLEGATIONS"

10. Defendant denies the truth of the allegations contained in ¶ 10 of the Complaint.

11. Defendant denies the truth of the allegations contained in ¶ 11 of the Complaint.

12. Defendant denies the truth of the allegations contained in ¶ 12 of the Complaint.

13. Defendant denies the truth of the allegations contained in ¶ 13 of the Complaint.

14. Defendant denies the truth of the allegations contained in ¶ 14 of the Complaint.

15. Defendant denies the truth of the allegations contained in ¶ 15 of the Complaint concerning repossession and auction of the vehicle. Defendant lacks knowledge or information

sufficient to form a belief as to the truth of the allegations contained in ¶ 15 of the Complaint concerning the obligor's alleged credit damage.

16. Defendant denies the truth of the allegations contained in ¶ 16 of the Complaint.

17. Defendant denies the truth of the allegations contained in ¶ 17 of the Complaint.

## AS TO "FIRST CAUSE OF ACTION
## Violation of the Truth in Lending Act, 15 U.S.C. § 1601 et seq.
## and Regulation Z"

18. Defendant repeats and realleges each and every allegation contained in the preceding Paragraphs as if fully set forth herein.

19. Defendant denies the truth of the allegations contained in ¶ 19 of the Complaint.

20. ¶ 20 of the Complaint purports to set forth legal conclusions to which no response is required. To the extent that ¶ 20 sets forth any allegations of fact to which a response is required, Defendant denies those allegations.

## AS TO "SECOND CAUSE OF ACTION
## Deceptive Acts and Practices – N.Y. G.B.L. § 349"

21. Defendant repeats and realleges each and every allegation contained in the preceding Paragraphs as if fully set forth herein.

22. ¶ 22 of the Complaint purports to set forth legal conclusions to which no response is required. To the extent that ¶ 22 sets forth any allegations of fact to which a response is required, Defendant denies those allegations.

23. ¶ 23 of the Complaint purports to set forth legal conclusions to which no response is required. To the extent that ¶ 23 sets forth any allegations of fact to which a response is required, Defendant denies those allegations.

## AS TO "THIRD CAUSE OF ACTION
## False Advertising – N.Y. G.B.L. § 350"

24. Defendant repeats and realleges each and every allegation contained in the preceding Paragraphs as if fully set forth herein.

25. Defendant denies the truth of the allegations contained in ¶ 25 of the Complaint.

26. ¶ 26 of the Complaint purports to set forth legal conclusions to which no response is required. To the extent that ¶ 26 sets forth any allegations of fact to which a response is required, Defendant denies those allegations.

## AS TO "FOURTH CAUSE OF ACTION
## Common Law Fraud"

27. Defendant repeats and realleges each and every allegation contained in the preceding Paragraphs as if fully set forth herein.

28. ¶ 28 of the Complaint purports to set forth legal conclusions to which no response is required. To the extent that ¶ 28 sets forth any allegations of fact to which a response is required, Defendant denies those allegations.

29. ¶ 29 of the Complaint purports to set forth legal conclusions to which no response is required. To the extent that ¶ 29 sets forth any allegations of fact to which a response is required, Defendant denies those allegations.

30. ¶ 30 of the Complaint purports to set forth legal conclusions to which no response is required. To the extent that ¶ 30 sets forth any allegations of fact to which a response is required, Defendant denies those allegations.

### AS TO "FIFTH CAUSE OF ACTION
### Conversion"

31. Defendant repeats and realleges each and every allegation contained in the preceding Paragraphs as if fully set forth herein.

32. ¶ 32 of the Complaint purports to set forth legal conclusions to which no response is required. To the extent that ¶ 32 sets forth any allegations of fact to which a response is required, Defendant denies those allegations.

33. ¶ 33 of the Complaint purports to set forth legal conclusions to which no response is required. To the extent that ¶ 33 sets forth any allegations of fact to which a response is required, Defendant denies those allegations.

### AS TO "SIXTH CAUSE OF ACTION
### Breach of Contract / UCC § 2-301 *et seq.*"

34. Defendant repeats and realleges each and every allegation contained in the preceding Paragraphs as if fully set forth herein.

35. ¶ 35 of the Complaint purports to set forth legal conclusions to which no response is required. To the extent that ¶ 35 sets forth any allegations of fact to which a response is required, Defendant denies those allegations.

36. ¶ 36 of the Complaint purports to set forth legal conclusions to which no response is required. To the extent that ¶ 36 sets forth any allegations of fact to which a response is required, Defendant denies those allegations.

### AS TO "SEVENTH CAUSE OF ACTION
### Negligent Misrepresentation"

37. Defendant repeats and realleges each and every allegation contained in the preceding Paragraphs as if fully set forth herein.

38. ¶ 38 of the Complaint purports to set forth legal conclusions to which no response is required. To the extent that ¶ 38 sets forth any allegations of fact to which a response is required, Defendant denies those allegations.

39. ¶ 39 of the Complaint purports to set forth legal conclusions to which no response is required. To the extent that ¶ 39 sets forth any allegations of fact to which a response is required, Defendant denies those allegations.

### DEFENDANT'S AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

40. Plaintiff's claims, in whole or in part, fail to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

41. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

42. Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, laches, estoppel, and unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

43. Defendant has met and satisfied any and all obligations to Plaintiffs and, therefore, this action is barred, in whole or in part, by the doctrine of accord and satisfaction.

### FIFTH AFFIRMATIVE DEFENSE

44. Plaintiff's claims for damages are barred, in whole or in part, by Plaintiff's failure to mitigate damages.

## SIXTH AFFIRMATIVE DEFENSE

45. The allegations of the Complaint are insufficient to entitle Plaintiffs to an award of attorneys' fees.

## SEVENTH AFFIRMATIVE DEFENSE

46. The causes of action herein have been waived and/or are barred by reason of the Plaintiff's failure to give proper and timely notice to the Defendant of his claims.

## EIGHTH AFFIRMATIVE DEFENSE

47. Defendant denies that Plaintiff sustained any damages and denies that it proximately caused any of the damages claimed by the Plaintiff.

## NINTH AFFIRMATIVE DEFENSE

48. Any alleged oral representations are null and void by operation of a merger clause within any agreement signed by Plaintiff concerning the purchase of his vehicle from Defendant and Plaintiff's claims are therefore not actionable.

## TENTH AFFIRMATIVE DEFENSE

49. Plaintiff cannot recover from Defendant to the extent that any damages that he may have suffered, which the Defendant nonetheless denies, directly and/or proximately resulted from Plaintiff's acts and/or omissions.

## ELEVENTH AFFIRMATIVE DEFENSE

51. Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff has not suffered any actual damages.

## TWELFTH AFFIRMATIVE DEFENSE

52. Plaintiff's claims for punitive damages fail to the extent that the Complaint fails to state a claim for relief for punitive damages. Additionally, the Defendant states that while it

does not believe Plaintiff has stated a claim for punitive damages, even if he proves an entitlement to any such punitive damage award, the Defendant is entitled to the affirmative defense that any such award comport with the Due Process clause under the Constitution of the United States of America.

### THIRTEENTH AFFIRMATIVE DEFENSE

53. At all times relevant, the Defendant acted reasonably and in good faith and without any malice or intent to injure Plaintiff or to violate applicable federal and/or state law.

### FOURTEENTH AFFIRMATIVE DEFENSE

54. Plaintiff's claims fail to the extent that they are preempted by federal law.

### FIFTEENTH AFFIRMATIVE DEFENSE

55. The Defendant cannot be held liable to Plaintiff pursuant to the FTC Holder Rule to the extent that the transaction was not a "financed sale" under 16 C.F.R. § 433.1(i).

### SIXTEENTH AFFIRMATIVE DEFENSE

56. The Defendant cannot be held liable to the extent that the vehicle at issue was of the same quality as those generally acceptable in the trade.

### SEVENTEENTH AFFIRMATIVE DEFENSE

57. Plaintiff's claims are barred in whole or in part by the statute of frauds.

### EIGHTEENTH AFFIRMATIVE DEFENSE

58. Plaintiff cannot recover from the Defendant to the extent that any damages that he may have suffered, which the Defendant nonetheless denies, have been and/or will be proximately caused, in whole or in part, by the negligent, willful, or tortious acts and/or omissions of persons or entities over whom the Defendant had no control, and for whose conduct

the Defendant is not responsible, which bars or diminishes any recovery by Plaintiff against the Defendant.

### NINETEENTH AFFIRMATIVE DEFENSE

59. The Defendant is entitled to set off from any recovery any amount owed by Plaintiff or otherwise recovered by Plaintiff for the same alleged injuries.

### TWENTIETH AFFIRMATIVE DEFENSE

60. Plaintiff is not entitled to an award of any damages, including but not limited to compensatory damages, punitive damages or attorneys' fees.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

61. Defendant has at all times acted in good faith compliance with applicable law. The actions of the Defendant, as alleged in the Plaintiff's complaint, were undertaken in good faith and justified by legitimate business purposes, with the absence of injury to the Plaintiff, and constituted lawful, proper and justified activities. Additionally, any violation of law, which the Defendant denies, was not intentional and resulted, if at all, from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such errors.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

62. Plaintiff has failed to comply with Rule 9(b) of the Federal Rules of Civil Procedure in that he has failed to allege fraud with particularity.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

63. Defendant reserves the right pending completion of discovery to assert any additional defenses that may exist.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

64. The Defendant is registered as an automobile dealer pursuant to Article 16 of the Vehicle and Traffic Law and per General Business Law § 736, an "automobile broker business" does not include any person registered as an automobile dealer pursuant to Article 16 of the Vehicle and Traffic Law.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

65. Defendant reserves the right to seek their reasonable attorneys' fees and costs in the event the Court deems Plaintiff's action was brought in bad faith and for the purpose of harassing Defendants.

## DEFENDANT'S DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Defendant demands a trial by jury on all questions of fact raised in this case.

**WHEREFORE**, Defendants demand judgment dismissing the Complaint together with costs and disbursements of this action.

Dated:  Jamaica, New York
August 29, 2025

Respectfully submitted,

**SAGE LEGAL LLC**
By:  */s/ Emanuel Kataev, Esq.*
Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanuel@sagelegal.nyc

*Attorneys for Defendant*
*MBLIC Motors LLC*

**VIA ECF**
Kasell Law Firm
<u>Attn</u>: David Kasell, Esq.
1038 Jackson Avenue #4
Long Island City, NY 11101
(718) 404-6668 (office)
david@kaselllawfirm.com

*Attorneys for Plaintiff*
*Anthony Graziano*