UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

Anthony Graziano and Joanne Graziano,

                            *Plaintiff,*

—against—

MB LIC Motors LLC d/b/a Empire Cadillac
and GM Financial,d

                            *Defendants.*

25 Civ. 2943

**SECOND AMENDED
COMPLAINT**
**Jury Trial Demanded**

---

      Plaintiffs Anthony Graziano and Joanne Graziano, by and through their undersigned counsel, alleges against MBLIC Motors LLC d/b/a Empire Cadillac ("Empire Cadillac") and GM Financial as follows:

### NATURE OF THE ACTION

      1.    This action arises from a fraudulent and deceptive automobile transaction orchestrated by defendant Empire Cadillac, a licensed motor vehicle dealer. Despite accepting Plaintiffs' 2024 Jeep Wrangler as a trade-in and representing that it would satisfy the vehicle's outstanding loan balance, Empire Cadillac failed to do so. The result was all documentation, credit damage and the need to file this lawsuit.

      2.    Empire Cadillac's conduct violates the Truth in Lending Act, 15 U.S.C. § 1601 et seq. ("TILA"), and its implementing regulation, Regulation Z, as well as New York's General Business Law §§ 349 and 350. Empire Cadillac's actions also constitute common law fraud, conversion, breach of contract under UCC Article 2, and negligent misrepresentation.

1

3. Plaintiffs seek actual and statutory damages, punitive damages, equitable reformation of contract, rescission, restitution, declaratory and injunctive relief, and other remedies as described herein.

## PARTIES

4. Plaintiff Anthony Graziano is an individual residing in Staten Island, New York.

5. Plaintiff Joanne Graziano is an individual residing in Staten Island, New York.

6. Upon information and belief, Defendant MBLIC Motors LLC d/b/a Empire Cadillac ("Empire Cadillac") is a New York limited liability company with its principal place of business at 56-15 Northern Blvd., Woodside, NY 11377.

7. Empire Cadillac is engaged in the business of selling, leasing, and financing new and used motor vehicles and is a creditor as defined under TILA.

8. Empire Cadillac is engaged in the business of selling, leasing, and financing new and used motor vehicles and is a creditor as defined under TILA.

9. Upon information and belief, GM Financial is a domestic corporation authorized to do business in the State of New York. Upon information and belief, GM Financial is engaged in the financing of vehicles that Empire Cadillac sells to the public.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under federal law, specifically the Truth in Lending Act.

8. The Court has supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367(a).

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events and omissions giving rise to the claims occurred within this District and Empire Cadillac transacts business here.

## FACTUAL ALLEGATIONS

10. On or about April 19, 2025, Anthony Graziano visited Empire Cadillac's dealership to lease a 2024 GMC Hummer EV SUV. The vehicle, bearing VIN 1GKB0NDE7RU113773 (the "Vehicle"), had approximately 20,000 miles—contrary to representations made by Empire Cadillac in its advertising and during initial discussions.

11. Although Anthony Graziano had received prior approval for a lease, Empire Cadillac represented that Plaintiff would instead have to purchase the Vehicle through a retail installment contract.

12. Empire Cadillac assured Plaintiffs that the monthly payment of $1,931.00 reflected all applicable financing terms and included the full value and negative equity of Joanne Graziano's 2024 Jeep Wrangler, which was being trading in.

13. Relying on these assurances, and under time pressure, Plaintiffs executed a retail installment sales contract ("RISC").

14. Unbeknownst to Plaintiffs, Empire Cadillac later transmitted a materially altered version of the RISC to the lender. This altered document omitted the trade-in vehicle and bore only an electronic signature.

15. Empire Cadillac failed to pay off the outstanding lien on the Jeep Wrangler. The obligor on that vehicle—Joanne Graziano,—suffered substantial credit damage.

16. Plaintiffs' subsequent inquiries revealed that Empire Cadillac had misrepresented the transaction both to Plaintiffs and to the lender.

17. Plaintiffs attempted to resolve the matter informally. Empire Cadillac refused.

## FIRST CAUSE OF ACTION
### Violation of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* and Regulation Z

18. Plaintiffs repeat and reallege Paragraphs 1 through 17.

19. Empire Cadillac failed to disclose material terms required by 15 U.S.C. § 1638 and 12 C.F.R. § 1026.18, including: (a) The accurate amount financed; (b) The proper total sale price; and (c) The inclusion of the trade-in value and its associated negative equity.

20. Plaintiff is entitled to actual and statutory damages, plus attorney's fees and costs under 15 U.S.C. § 1640(a).

## SECOND CAUSE OF ACTION
### Deceptive Acts and Practices – N.Y. G.B.L. § 349

21. Plaintiffs repeat and reallege Paragraphs 1 through 20.

22. Empire Cadillac's misrepresentations regarding the trade-in and financing terms were materially misleading and consumer-oriented.

23. Plaintiffs suffered pecuniary and reputational harm and is entitled to actual and treble damages, punitive damages, and reasonable attorney's fees under GBL § 349(h).

## THIRD CAUSE OF ACTION
### False Advertising – N.Y. G.B.L. § 350

24. Plaintiffs repeat and reallege Paragraphs 1 through 23.

25. Empire Cadillac falsely advertised the Vehicle and financing terms, inducing Plaintiffs into an unfair transaction.

26. Plaintiffs seek actual and punitive damages, and attorneys' fees under GBL § 350-e.

4

## FOURTH CAUSE OF ACTION
### Common Law Fraud

27. Plaintiffs repeat and reallege Paragraphs 1 through 26.

28. Empire Cadillac knowingly made false representations about the transaction, including omitting the trade-in in documents submitted to the lender.

29. Plaintiffs justifiably relied and suffered measurable harm, including financial loss and reputational damage.

30. Plaintiffs seek rescission, restitution, punitive damages, and all other appropriate relief.

## FIFTH CAUSE OF ACTION
### Conversion

31. Plaintiffs repeat and reallege Paragraphs 1 through 30.

32. Empire Cadillac wrongfully exercised dominion and control over Plaintiffs' trade-in vehicle by accepting it and failing to satisfy the lien, resulting in its unlawful repossession and sale.

33. Plaintiff is entitled to damages for the value of the vehicle and consequential losses.

## SIXTH CAUSE OF ACTION
### Breach of Contract / UCC § 2-301 *et seq.*

34. Plaintiffs repeat and reallege Paragraphs 1 through 33.

35. The RISC is a contract governed by New York's UCC. Empire Cadillac materially breached the agreement by failing to account for the trade-in and failing to tender proper performance.

5

36. Plaintiffs seek damages, rescission, and other appropriate relief under UCC §§ 2-301 et seq.

## SEVENTH CAUSE OF ACTION
### Negligent Misrepresentation

37. Plaintiffs repeat and reallege Paragraphs 1 through 36.

38. Empire Cadillac owed Plaintiffs a duty to act with reasonable care in representing material terms of the transaction. Empire Cadillac breached this duty, causing foreseeable harm.

39. Plaintiffs seek compensatory damages and equitable relief.

## EIGHTH CAUSE OF ACTION
### Liability of GM Financial

40. Plaintiffs repeat the allegations set forth in paragraphs 1-39 as if fully set forth at length herein.

41. This Count is brought against GM Financial only.

42. Federal Law (16 C.F.R. part 433) provides all retail installment contracts contain the following provision:

> **NOTICE: ANY HOLDER OF THIS CONSUMER CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

43. GM Financial is the holder of the consumer credit contract(s) memorialized by the RISC for the purchase of Plaintiff's Vehicle. GM Financial is bound by the terms quoted above, subjecting it to all claims and defenses which Plaintiffs have asserted against Empire Cadillac.

44. The Vehicle constitutes the "good" obtained with the proceeds of the RISC.

45. Empire Cadillac and/or GM Financial sold the Vehicle, which constitutes the good obtained with the proceeds of the RISC.

46. Consequently, GM Financial is subject to all claims and defenses that Plaintiffs could assert against Empire Cadillac.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands a jury trial on all issues so triable and respectfully requests judgment in his favor and against Empire Cadillac and GM Financial as follows:

a. Actual damages in an amount to be determined at trial;

b. Statutory damages under 15 U.S.C. § 1640(a);

c. Treble and punitive damages pursuant to GBL §§ 349 and 350 and for fraud;

d. Rescission and restitution of all amounts paid, including the $9,000 down payment;

e. Cancellation of all obligations and security interests associated with the altered RISC;

f. Equitable reformation of the contract to reflect Plaintiff's original signed agreement;

g. Declaratory judgment that the version of the RISC submitted to the lender is invalid and unenforceable;

h. Credit repair relief or injunctive relief restoring Plaintiffs' credit, to the extent permitted by New York law or federal consumer protection statutes;

i. Pre- and post-judgment interest;

j. Reasonable attorneys' fees and costs; and

k. Such other and further relief as this Court may deem just and proper.

Long Island City, New York
January 16, 2026

Respectfully,

/s/ *David Kasell*
David Kasell, Esq.
Kasell Law Firm
1038 Jackson Avenue, #4
Long Island City, NY 11101
(718) 404-6668
david@kaselllawfirm.com
