# Sage Legal LLC

**18211 Jamaica Avenue • Jamaica, NY 11423-2327 • (718) 412-2421 • emanuel@sagelegal.nyc**

February 11, 2026

**VIA ECF**
United States District Court
Eastern District of New York
<u>Attn</u>: Hon. Nicholas G. Garaufis, U.S.D.J.
225 Cadman Plaza East
Courtroom 10B South
Brooklyn, NY 11201-1804

      Re:      **Graziano,** *et ano* **v. MBLIC Motors LLC,** *et ano*
                 **Case No.: 1:25-cv-2943 (NGG) (JRC)**
                 **<u>Letter Motion for Pre-Motion Conference</u>**

Dear Judge Garaufis:

      This firm represents the Defendant MBLIC Motors LLC d/b/a Empire Cadillac (hereinafter the "Defendant" or the "Dealership") in the above-referenced case. Defendant writes to respectfully request a pre-motion conference pursuant to ¶ IV(A) of this Court's Individual Rules.

    i.      <u>Facts</u>

      Plaintiffs' second amended complaint leaves even the most perspicacious reader puzzled and perplexed.

      Plaintiff Anthony Graziano ("Anthony") first claims that the Hummer he purchased from the Dealership had approximately 20,000 miles on it, which was allegedly contrary to representations made by the Defendant. ECF 23 ¶ 10. However, Plaintiffs fail to allege what the advertised mileage was.

      Plaintiffs next claim that Anthony "traded in" *Joanne* Graziano's ("Joanne") vehicle for the Hummer Anthony purchased, and that he executed a retail installment sales contract ("RISC"). ECF 23 ¶ 13. However, only the owner of a vehicle may transfer title, unless an assignment is made. <u>See</u> New York Vehicle & Traffic Law §§ 2105 (requirements to obtain title) and 2114 (dealership's obligations when acquiring a vehicle). Moreover, Plaintiffs' reference to "negative equity" for Joanne's 2024 Jeep Wrangler indicates that her vehicle is a lease, meaning that Joanne does not own the vehicle. Hence, Joanne would not be able to "trade in" the vehicle for that separate reason.

      Critically, however, Plaintiffs allege that the RISC was "materially altered by [the Dealership]" and did so "unbeknownst to [them]." ECF 23 ¶ 14.

    ii.      <u>Argument</u>

      Here, Plaintiffs allege that the RISC, which forms the basis of their TILA claim, was materially altered by Defendant. ECF 23 ¶¶ 14.

In <u>Davis v. Westlake Servs.</u>, the court concluded that where a Plaintiff alleged that the RISC had been forged, no valid contract existed and therefore, Plaintiff could not assert a claim under the TILA. 23-CV-6163 (VSB), 2025 WL 239411, at *4 (S.D.N.Y. Jan. 16, 2025); <u>see also</u> <u>Favata v. JD Motors of Cny, Ltd.</u>, No. 23-cv-01549, 2025 WL 1649045 at *9 (N.D.N.Y. June 11, 2025) ("no TILA claim could be established in the absence of a valid contractual relationship between the parties, and a forged signature would render the RIC void under New York law"); <u>Migliore v. Seibert</u>, No. 23-cv-02623, 2024 WL 1327947, at *9 (D. N.J. Mar. 28, 2024) ("courts routinely dismiss TILA claims where plaintiffs allege the challenged credit agreement was forged or falsified").

Accordingly, the TILA claim must be dismissed, and this Court should decline to exercise supplemental jurisdiction over the remaining state law claims. Indeed, with no further federal claims, the next step in the jurisdictional inquiry is whether to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims. Where "federal-law claims are eliminated ... the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." <u>See</u> <u>Valencia ex rel. Franco v. Lee</u>, 316 F.3d 299, 305 (2d Cir. 2003) (citation modified); <u>see also</u> <u>Marcus v. AT&T Corp.</u>, 138 F.3d 46, 57 (2d Cir. 1998) ("In general, where the federal claims are dismissed before trial the state claims should be dismissed as well"). Thus, for these reasons, this Court should decline to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims, and dismiss them without prejudice, pursuant to 28 U.S.C. § 1367(c)(3). Defendant thanks this honorable Court for its time and attention to this case.

Dated: Jamaica, New York
February 11, 2026

Respectfully submitted,
**SAGE LEGAL LLC**
By:  */s/ Emanuel Kataev, Esq.*
Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanuel@sagelegal.nyc

*Attorneys for Defendant*
*MBLIC Motors LLC*

**VIA ECF**
Kasell Law Firm
<u>Attn</u>: David Kasell, Esq.
1038 Jackson Avenue #4
Long Island City, NY 11101
(718) 404-6668 (office)
david@kaselllawfirm.com

*Attorneys for Plaintiffs*

2