

**David G. Murphy**
Direct Phone:  +1 609 514 5947
Email:  dmurphy@reedsmith.com

Reed Smith LLP
599 Lexington Avenue
New York, NY 10022-7650
+1 212 521 5400
Fax +1 212 521 5450
reedsmith.com

June 12, 2026

**Via ECF**

The Hon. Nicholas G. Garaufis, U.S.D.J.
United States District Court Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> Re:  **Graziano, et al. v. MBLIC Motors LLC, et al.**
> **Civil Action No.: 1:25-cv-02943-NGG-JRC**

Dear Judge Garaufis:

This firm represents Defendant AmeriCredit Financial Services, Inc. d/b/a GM Financial ("GM Financial") in connection with the above-referenced matter.  We submit this letter, pursuant to Your Honor's Individual Practices Rules, to respectfully request a Pre-Motion Conference regarding GM Financial's intent to file a motion to dismiss, seeking dismissal of Plaintiffs Anthony and Joanne Graziano's ("Plaintiffs") Second Amended Complaint (the "Complaint"), with prejudice, pursuant to *Fed. R. Civ. P.* 12(b)(6).

Plaintiffs' Complaint asserts only a single claim against GM Financial under the FTC "Holder Rule," which is indirect and derivative of claims that Plaintiffs asserted against defendant MBLIC Motors LLC d/b/a Cadillac ("Empire Cadillac").  *See ECF No. 23*, ¶¶ 40-46.  As the Court is aware, all claims against Empire Cadillac have been dismissed, with prejudice, following Plaintiffs' settlement with Empire Cadillac.  *See ECF No. 32*.  Because any potential liability imposed on GM Financial under the Holder Rule is entirely reliant on Empire Cadillac's liability, the dismissal of all claims against Empire Cadillac necessarily extinguishes any basis for Plaintiffs' claim against GM Financial.  Accordingly, Plaintiffs' Complaint against GM Financial fails as a matter of law.

### Proposed Legal Argument

As set forth in the Complaint, Plaintiffs only assert one derivative claim against GM Financial as holder of the consumer credit contract.  *See ECF No. 23*, ¶¶ 40-46.  Therefore, Plaintiffs' single claim against GM Financial should be dismissed because it cannot survive, as a matter of law, following the settlement with Empire Cadillac, which have since been dismissed.

The FTC Holder Rule, 16 C.F.R. § 433.2, generally allows a debtor to assert the legal claims or defenses against a holder of a consumer credit contract that it could assert against the seller, with several notable exceptions are carveouts, depending on the specific cause of action.  *See Diaz v. Paragon Motors of Woodside, Inc.*, 424 F. Supp. 2d 519, 543 (E.D.N.Y. 2006).  However, no private right of action exists under the Holder Rule.  *See Morales v. Walker Motors Sales, Inc.*, 162 F. Supp. 2d 786, 790 (S.D. Ohio 2000) (collecting cases holding that a private right of action to enforce FTC Holder Rule does not exist);

Hon. Nicholas G. Garaufis, U.S.D.J.
Page 2

**Reed**Smith

*Crisomia v. Parkway Mortg.*, 2001 Bankr. LEXIS 1469, at *8-16 (Bankr. E.D. Pa. Aug. 21, 2001) (collecting cases).  Moreover, where no underlying liability of the seller exists, there is no claim or defense to "preserve" against the holder, and the Holder Rule claim must fail as a matter of law.  *See Moyer v. RV World, LLC*, No. 1:20-cv-754-TCB, 2020 U.S. Dist. LEXIS 264661, at *18 (N.D. Ga. Oct. 27, 2020) ("Because [plaintiff's] only claims against Alliant are derivative of the claims against [the dealership], which are due to be dismissed, the claims against Alliant are necessarily due to be dismissed as well."); *Phillips v. Lithia Motors, Inc.*, No. 03-3109-HO, 2005 U.S. Dist. LEXIS 44744, at *15 (D. Or. May 25, 2005) ("Because the federal RICO claims against the Lithia defendants are dismissed, any claims for derivative liability for those claims are dismissed as well.").

With the dismissal of all claims against Empire Cadillac, Plaintiffs lack any viable cause of action to support a Holder Rule claim against GM Financial.  Accordingly, the Complaint should be dismissed against GM Financial because it fails to state a cause of action against GM Financial upon which relief can be granted.

<u>**Conclusion**</u>

For these reasons, GM Financial respectfully submits that Plaintiffs' Complaint against GM Financial fails as a matter of law.

Respectfully submitted,

*/s/ David G. Murphy*
David G. Murphy

cc:      David M. Kasell, Esq. (via *ECF*)