# Kasell Law Firm

June 15, 2026

Hon. Nicholas G. Garaufis
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Dear Judge Garaufis:

This firm represents Plaintiffs Anthony Graziano and Joanne Graziano and respectfully submits this letter in opposition to Defendant AmeriCredit Financial Services, Inc. d/b/a GM Financial's request for a pre-motion conference concerning its proposed motion to dismiss.

A pre-motion conference is unnecessary because GM Financial's proposed motion presents a narrow legal issue that can be fully addressed through ordinary motion practice if the Court believes briefing is warranted. More importantly, GM Financial's proposed motion lacks merit on its face.

GM Financial's entire argument rests on the assertion that Plaintiffs' settlement with and dismissal of Empire Cadillac somehow extinguished all claims that may be asserted against GM Financial under the FTC Holder Rule. That proposition is incorrect.

The Second Amended Complaint (the "Complaint") alleges that GM Financial is the holder of the retail installment sales contract and is therefore subject to "all claims and defenses" that Plaintiffs could assert against Empire Cadillac pursuant to the FTC Holder Rule. The Complaint further alleges that Empire Cadillac engaged in numerous deceptive and unlawful acts, including transmitting an altered retail installment contract to the lender, omitting the trade-in vehicle from financing documents, failing to satisfy the lien on Plaintiffs' trade-in vehicle, and causing substantial financial and credit-related harm to Plaintiffs. Those allegations must be accepted as true at the pleading stage.

GM Financial cites no authority holding that a consumer's settlement with a seller constitutes an adjudication that the seller committed no wrongdoing or that it extinguishes the consumer's ability to pursue derivative holder liability claims against an assignee. To the contrary, a settlement reflects only a compromise of disputed claims. It is not a determination on the merits and does not negate the factual allegations underlying those claims.

1038 Jackson Avenue #4 • Long Island City, NY 11101
Phone 718.404.6668
E-mail DKasellEsq@GMail.com

# Kasell Law Firm

Moreover, the FTC Holder Rule expressly preserves claims and defenses that a consumer "could assert" against the seller. The operative question is whether Plaintiffs possess claims arising from Empire Cadillac's conduct, not whether those claims were previously litigated to judgment. Plaintiffs have pleaded extensive misconduct by Empire Cadillac and have expressly incorporated those allegations into their claim against GM Financial. At this stage, that is more than sufficient.

Finally, GM Financial's argument depends upon the legal effect of a settlement agreement that is neither attached to nor incorporated into the Second Amended Complaint. To the extent GM Financial seeks to rely on the terms of that agreement, its proposed motion necessarily raises issues beyond the pleadings and is ill-suited for resolution through a Rule 12(b)(6) motion.

For the foregoing reasons, Plaintiffs respectfully request that the Court deny GM Financial's request for a pre-motion conference.

Respectfully submitted,

/s/ (DK-7753)
David M. Kasell, Esq.