**UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ANTHONY GRAZIANO and JOANNE GRAZIANO,<br><br>Plaintiffs,<br><br>vs.<br><br>MB LIC MOTORS LLC d/b/a EMPIRE CADILLAC and GM FINANCIAL,<br><br>Defendants. | Civil Action No. 1:25-cv-02943-NGG-JRC |

# DEFENDANT AMERICREDIT FINANCIAL SERVICES, INC. D/B/A GM FINANCIAL'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS THE SECOND AMENDED COMPLAINT

**REED SMITH LLP**
*Formed in the State of Delaware*
Diane A. Bettino, Esq.
David G. Murphy, Esq.
599 Lexington Avenue, 22nd Floor
New York, New York 10022
Tel. (212) 521-5400
Fax. (212) 521-5450
dmurphy@reedsmith.com

*Attorneys for Defendant AmeriCredit Financial Services, Inc. d/b/a GM Financial*

# TABLE OF CONTENTS

**Page**


PRELIMINARY STATEMENT ....................1

STATEMENT OF FACTS AND PROCEDURAL HISTORY....................2

LEGAL STANDARD....................3

ARGUMENT ....................4

I. PLAINTIFFS CANNOT SUSTAIN A CLAIM AGAINST GM FINANCIAL UNDER THE HOLDER RULE DUE TO THE DISMISSAL OF ALL CLAIMS AGAINST EMPIRE CADILLAC [ALL COUNTS]....................4

II. EVEN IF PLAINTIFFS COULD PURSUE THEIR CAUSES OF ACTION AGAINST GM FINANCIAL, THEIR CLAIMS STILL FAIL AS A MATTER OF LAW [COUNTS I–VII[....................5

A. Plaintiffs' Truth-In-Lending Act Claim Fails Because GM Financial's Assignee Liability Is Limited to Facial Defects with the RIC, None of Which Are Alleged to Exist [Count I] ....................6

B. Plaintiffs Fail to Plead the *Prima Facie* Elements For Any of Their Causes of Action in the Complaint [Counts II–VII] ....................7

i. GBL §§ 349 and 350 [Counts II–III] ....................7

ii. Common Law Fraud [Count IV]....................8

iii. Conversion [Count V]....................9

iv. Breach of Contract / UCC § 2-301, *et seq.* [Count VI]....................10

v. Negligent Misrepresentation [Count VII]....................12

III. DISMISSAL SHOULD BE WITH PREJUDICE BECAUSE FURTHER AMENDMENT CANNOT SALVAGE PLAINTIFFS' DEFECTIVE CLAIMS....................13

CONCLUSION....................13

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alkhatib v. N.Y. Motor Grp., LLC*,
2015 U.S. Dist. LEXIS 72055 (E.D.N.Y. June 3, 2015) ....................6

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)....................3

*Atkinson v. Mobil Oil Corp.*,
205 A.D.2d 719 (2d Dep't 1994)....................11

*Biswas v. Rouen*,
808 F. App'x 53 (2d Cir. 2020) ....................3

*Crawford v. Franklin Credit Mgmt.*,
758 F.3d 473 (2d Cir. 2014)....................12

*Crisomia v. Parkway Mortg.*,
2001 Bankr. LEXIS 1469 (Bankr. E.D. Pa. Aug. 21, 2001)....................4

*Curiale v. Hyundai Cap. Am.*,
2020 N.J. Super. Unpub. LEXIS 765 (N.J. Sup. Ct. App. Div. Apr. 27, 2020),
*certif. den.*, 244 N.J. 346 (2020) ....................10

*Diaz v. Paragon Motors of Woodside, Inc.*,
424 F. Supp. 2d 519 (E.D.N.Y. 2006) ....................4, 5, 6

*Diesel Props S.r.l. v. Greystone Bus. Credit II LLC*,
631 F.3d 42 (2d Cir. 2011)....................11

*Edison Stone Corp. v. 42nd St. Dev. Corp.*,
145 A.D.2d 249 (1st Dep't 1989) ....................9

*Geary v. Hunton & Williams*,
257 A.D.2d 482, 684 N.Y.S.2d 207 (1st Dep't 1999) ....................9

*Gordon v. Curtis*,
68 A.D.3d 549....................11

*Goshen v. Mut. Life Ins. Co. of N.Y.*,
98 N.Y.2d 314 (2002) ....................8

*Himmelstein v. Matthew Bender & Co.*,
37 N.Y.3d 169 (2021) ....................7

*Holmes v. Air Line Pilots Ass'n*,
745 F. Supp. 2d 176 (E.D.N.Y. 2010) ....................................................................3

*James v. Gage*,
2019 U.S. Dist. LEXIS 55229 (S.D.N.Y. Mar. 29, 2019) ....................................................13

*Kline v. Taukpoint Realty Corp.*,
302 A.D.2d 433 (2d Dep't 2003) ....................................................................8

*Lafferty v. Wells Fargo Bank*,
213 Cal. App. 4th 545, 153 Cal. Rptr. 3d 240 (Cal Ct. App. 2013) ......................................10

*Mandarin Trading Ltd. v. Wildenstein*,
16 N.Y.3d 173 (2011) ....................................................................8, 12

*McGovern v. T.J. Best Bldg. & Remodeling, Inc.*,
245 A.D.2d 925 (3d Dep't 1997) ....................................................................9

*Midfirst Bank v. Craige*,
No. CV 16-3941, 2017 U.S. Dist. LEXIS 81329 (E.D. La. May 26, 2017) .............................4

*Morales v. Walker Motors Sales, Inc.*,
162 F. Supp. 2d 786 (S.D. Ohio 2000) ....................................................................4

*Moyer v. RV World, LLC*,
2020 U.S. Dist. LEXIS 264661 (N.D. Ga. Oct. 27, 2020)...................................................5

*N.T. Univ. v. Cont'l Ins. Co.*
87 N.Y.2d 308 (1995) ....................................................................9

*Nelson v. Navient Sols., LLC*,
2025 U.S. Dist. LEXIS 273123 (S.D. Iowa June 30, 2025) ....................................................5

*Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.*,
85 N.Y.2d 20 (1995) ....................................................................7

*Pannetta v. Milford Chrysler Sales, Inc.*,
No. 14-05680, 2015 U.S. Dist. LEXIS 36020 (E.D. Pa. Mar. 23, 2015)..................................6

*Phillips v. Lithia Motors, Inc.*,
2005 U.S. Dist. LEXIS 44744 (D. Or. May 25, 2005) ....................................................5

*Phx. Cos. v. Concentrix Ins. Admin. Sols. Corp.*,
554 F. Supp. 3d 568 (S.D.N.Y. 2021)....................................................................12

*Pierre v. Planet Auto., Inc.*,
193 F. Supp. 3d 157 (E.D.N.Y. 2016) ....................................................................6, 10

*Psensky v. Am. Honda Fin. Corp.*,
378 N.J. Super. 221 (App. Div. 2005) ....................9

*Ramadan v. Chase Manhattan Corp.*,
229 F.3d 194 (3d Cir. 2000)....................6

*Ray v. Ray*,
2019 LX 68054 (S.D.N.Y. Mar. 28, 2019) ....................8

*Rider v. Uphold HQ Inc.*,
657 F. Supp. 3d 491 (S.D.N.Y. 2023)....................7

*Roth v. Jennings*,
489 F.3d 499 (2d Cir. 2007)....................3

*Sira v. Morton*,
380 F.3d 57 (2d Cir. 2004)....................3

*Small v. Lorillard Tobacco Co.*,
94 N.Y.2d 43 (1999) ....................7

*Smith v. Chase Manhattan Bank, USA*,
293 A.D.2d 598 (2d Dep't 2002) ....................7

*Sutton v. Hafner Valuation Group, Inc.*,
115 A.D.3d 1039 (3d Dep't 2014)....................11

*Suzy Phillips Originals, Inc. v. Coville, Inc.*,
939 F. Supp. 1012 (E.D.N.Y. 1996), aff'd, 125 F.3d 845 (2d Cir. 1997) ....................11

*United States ex rel. Grubea v. Rosicki*,
319 F. Supp. 3d 747 (S.D.N.Y. 2018)....................13

**Statutes**

15 U.S.C. § 1638....................6

15 U.S.C. § 1640(a) ....................6

GBL § 349....................7

GBL § 350....................7, 8

**Rules**

CPLR § 3016(b)....................8

Fed. R. Civ. P. 9(b) ....................8

Fed. R. Civ. P. 12(b)(6) ........ 1, 2, 3

**Other Authorities**

12 C.F.R. § 1026.18 ........ 6

16 C.F.R. § 433.2 ........ 4

## PRELIMINARY STATEMENT

This case concerns alleged deceptive practices by an automobile dealership in connection with consumers' purchase of a vehicle. Defendant AmeriCredit Financial Services, Inc. d/b/a GM Financial ("GM Financial"), the financing company involved in the transaction, now moves to dismiss Plaintiffs Anthony Graziano ("Graziano") and Joanne Graziano's (collectively, "Plaintiffs") Second Amended Complaint ("Complaint"), with prejudice, pursuant to *Fed. R. Civ. P.* 12(b)(6).

While Plaintiffs allege that Defendant MB LIC Motors LLC d/b/a Empire Cadillac ("Empire Cadillac") engaged in deceptive and fraudulent conduct by altering Plaintiffs' contract to purchase the vehicle at issue, their Complaint asserts only one claim against GM Financial under the Federal Trade Commission's "Holder Rule," which is indirect and wholly derivative of Plaintiffs' claims against Empire Cadillac. Yet, all claims against Empire Cadillac have been dismissed, with prejudice, following Plaintiffs' settlement with Empire Cadillac. Because any potential liability imposed on GM Financial under the Holder Rule is entirely reliant on Empire Cadillac's liability, the dismissal of all claims against Empire Cadillac necessarily extinguishes any basis for Plaintiffs' claim against GM Financial. Accordingly, Plaintiffs' Complaint against GM Financial fails as a matter of law and should be dismissed in its entirety.

Even if Plaintiffs did not settle with Empire Cadillac, and each claim in the Complaint were construed against GM Financial, the Complaint still fails to state a viable claim and, independently, each cause of action should be dismissed. First, Plaintiffs assert claims under the Truth-in-Lending Act ("TILA"), but it is well settled that TILA liability to an assignee is highly limited to only disclosure violations that are facially apparent on the controlling contract—this provision of TILA preempts the Holder Rule and, in light of the fact that Plaintiff fails to identify any facial defect with the governing contract, this claim plainly fails as a matter of law. For their remaining claims,

Plaintiffs fail to allege the *prima facie* elements for their causes of action under General Business Law ("GBL") §§ 349 and 350, for common law fraud, conversion, breach of contract, and for negligent misrepresentation. These defects warrant dismissal.

For the foregoing reasons, GM Financial moves to dismiss the Complaint pursuant to *Rule* 12(b)(6), with prejudice, because the allegations in Plaintiffs' Complaint are deficient and unsustainable as a matter of law.

## **STATEMENT OF FACTS AND PROCEDURAL HISTORY**

On May 27, 2025, Plaintiffs initiated this action against Empire Cadillac, asserting various causes of action with respect to the purchase of a vehicle. (*See generally ECF No. 1*). As alleged in the Complaint, on April 19, 2025, Graziano executed a Retail Instalment Contract Simply Finance Charge ("RIC") in connection with the purchase and financing of a new 2024 GMC Hummer EV SUV, VIN 1GKB0NDE7RU113773 (the "Vehicle"), from Empire Cadillac. (*ECF No. 23* ("*Am. Compl.*"), ¶ 10). As set forth in the RIC, Graziano agreed to purchase the Vehicle for a total sales price of $167,243.84 by making 84 monthly payments in the amount of $1,958.26. Declaration of Lonnie Wilson, Jr. ("*Wilson Decl.*"), Ex. A (RIC). Plaintiffs summarily allege that Empire Cadillac made misrepresentations with the formation of the RIC, including by, among other things, inflating the sales price. *Am. Compl.*, ¶¶ 14–16.

GM Financial was not originally named as a defendant in this litigation. Plaintiffs filed an Amended Complaint (*ECF No. 16*), and thereafter a Second Amended Complaint (*ECF No. 23*) on January 19, 2026, only then joining GM Financial as a party and asserting a single cause of action against GM Financial under the FTC Holder Rule. *See Am. Compl.*, ¶¶ 40–46.

On March 10, 2026, Plaintiffs and Empire Cadillac settled all claims asserted in this action. (*See ECF 3/10/2026 Text Order*). The Court entered the stipulation of dismissal as to Empire Cadillac on July 20, 2026, which stated "that the above-captioned action is voluntarily dismissed

and discontinued, with prejudice, and without attorneys' fees against [Empire Cadillac], only." (*ECF No. 42*). A purported redlined copy of the Settlement Agreement and Release between Plaintiffs and Empire Cadillac was also filed on the docket. (*ECF No. 31-1*).

After complying with the Court's pre-motion conference requirement, the Court set forth the briefing schedule for GM Financial's dispositive motion. (*See ECF 7/10/2026 Text Order*). GM Financial now moves to dismiss the Complaint in its entirety, with prejudice, pursuant to *Fed. R. Civ. P.* 12(b)(6) for failure to state a claim upon which relief can be granted.

**LEGAL STANDARD**

A complaint must contain sufficient facts to state a claim that is plausible on its face, which requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To determine whether a complaint states a plausible claim for relief, a court should "identify[] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* Next, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* A complaint cannot survive *Rule* 12 where the requisite allegations are conclusory or, even if well plead, the allegations do not support a viable cause of action. *Biswas v. Rouen*, 808 F. App'x 53, 54 (2d Cir. 2020).

The Court may also consider the RIC without converting this motion into a summary judgment application, as the RIC is referenced and integral to the Complaint. *Sira v. Morton*, 380 F.3d 57, 67 (2d Cir. 2004); *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007). "[I]f [integral] documents contradict the allegations of the … complaint, the documents control and this Court need not accept as true the allegations in the … complaint." *Holmes v. Air Line Pilots Ass'n*, 745

F. Supp. 2d 176, 193–94 (E.D.N.Y. 2010) (quoting *Vaughn v. Air Line Pilots Ass'n, Int'l*, 395 B.R. 520, 540 (E.D.N.Y. 2008), *aff'd*, 604 F.3d 703 (2d Cir. 2010)).

For the reasons set forth below, the Complaint should be dismissed with prejudice because Plaintiffs fail to state a viable claim upon which relief can be granted.

## ARGUMENT

### I. PLAINTIFFS CANNOT SUSTAIN A CLAIM AGAINST GM FINANCIAL UNDER THE HOLDER RULE DUE TO THE DISMISSAL OF ALL CLAIMS AGAINST EMPIRE CADILLAC [ALL COUNTS]

Plaintiffs assert only one claim against GM Financial, which itself is a derivate claim. In the eighth count of the Complaint, Plaintiffs assert that GM Financial is liable for Empire Cadillac's wrongdoing because it is the holder of the RIC. (*Am. Compl.*, ¶¶ 40–46). Following Plaintiffs' settlement with Empire Cadillac, and Empire Cadillac's subsequent dismissal, the derivative claim against GM Financial necessarily must be dismissed as well. (*See ECF No. 42*).

The FTC Holder Rule, 16 C.F.R. § 433.2, generally allows a debtor to assert the legal claims or defenses against a holder of a consumer credit contract that it could assert against the seller, with several notable exceptions that are carveouts, depending on the specific cause of action. *See Diaz v. Paragon Motors of Woodside, Inc.*, 424 F. Supp. 2d 519, 543 (E.D.N.Y. 2006). However, no standalone private right of action exists under the Holder Rule. *See Morales v. Walker Motors Sales, Inc.*, 162 F. Supp. 2d 786, 790 (S.D. Ohio 2000) (collecting cases holding that a private right of action to enforce FTC Holder Rule does not exist); *Midfirst Bank v. Craige*, No. CV 16-3941, 2017 U.S. Dist. LEXIS 81329, at *12 (E.D. La. May 26, 2017) (holder rule does "not provide a private cause of action"); *Crisomia v. Parkway Mortg.*, 2001 Bankr. LEXIS 1469, at *8–16 (Bankr. E.D. Pa. Aug. 21, 2001) (collecting cases).

Moreover, where no underlying liability of the seller exists, there is no claim or defense to "preserve" against the holder, and the Holder Rule claim must fail as a matter of law. *See, e.g.,*

*Diaz*, 424 F. Supp. 2d at 544 (holding that, because the plaintiff's claims against the dealership fail, the corresponding claims against the creditor "must fail as well"); *Moyer v. RV World, LLC*, 2020 U.S. Dist. LEXIS 264661, at *18 (N.D. Ga. Oct. 27, 2020) ("Because [plaintiff's] only claims against Alliant are derivative of the claims against [the dealership], which are due to be dismissed, the claims against Alliant are necessarily due to be dismissed as well."); *Phillips v. Lithia Motors, Inc.*, 2005 U.S. Dist. LEXIS 44744, at *15 (D. Or. May 25, 2005) ("Because the federal RICO claims against the Lithia defendants are dismissed, any claims for derivative liability for those claims are dismissed as well."); *Nelson v. Navient Sols., LLC*, 2025 U.S. Dist. LEXIS 273123, at *12 (S.D. Iowa June 30, 2025) (dismissing FTC Holder Rule claim because "[f]or the rule to apply, a viable underlying claim against the original seller must exist.").

Here, with the dismissal of all claims against Empire Cadillac, Plaintiffs lack any viable cause of action to support a Holder Rule claim against GM Financial. Indeed, GM Financial is not named as a liable defendant for the first seven counts of the Complaint, thus, with their dismissal, all that remains is Count VIII, which is otherwise devoid of purpose. In other words, GM Financial can no longer face derivative liability for alleged wrongdoing by Empire Cadillac when there are no active claims against Empire Cadillac, as they each have been dismissed with prejudice. Accordingly, the Complaint should be dismissed against GM Financial.

## II. EVEN IF PLAINTIFFS COULD PURSUE THEIR CAUSES OF ACTION AGAINST GM FINANCIAL, THEIR CLAIMS STILL FAIL AS A MATTER OF LAW [COUNTS I–VII]

To be clear, the Complaint should be dismissed for the reasons set forth in § I, above. But even if the Court were to assess each cause of action, they all fail because Plaintiffs failed to plead the *prima facie* elements to sustain them.

### A. Plaintiffs' TILA Claim Fails Because GM Financial's Assignee Liability Is Limited to Facial Defects with the RIC, None of Which Are Alleged to Exist [Count I]

In conclusory fashion, Plaintiffs allege that "Empire Cadillac failed to disclose material terms required by 15 U.S.C. § 1638 and 12 C.F.R. § 1026.18," thereby entitling Plaintiffs to "actual and statutory damages, plus attorneys' fees and costs under 15 U.S.C. § 1640(a)." *Am. Compl.*, ⁋⁋ 19–20. Plaintiffs claim fails as against GM Financial.

GM Financial, as assignee, cannot be held liable under TILA absent a clear, facial violation of TILA on the RIC itself. TILA "'imposes general liability only on creditors and greatly circumscribes the liability of assignees.' An assignee is liable for a TILA violation 'only if the violation for which such action or proceeding is brought is apparent on the face of the disclosure statement.' '[A] violation apparent on the face of the disclosure statement includes, but is not limited to … a disclosure which can be determined to be incomplete or inaccurate from the face of the disclosure statement or other documents assigned.'" *Pierre v. Planet Auto., Inc.*, 193 F. Supp. 3d 157, 164 (E.D.N.Y. 2016) (collecting cases) (internal citations omitted); *see also Ramadan v. Chase Manhattan Corp.*, 229 F.3d 194, 197 (3d Cir. 2000) (quoting 15 U.S.C. § 1641(a)). "[A]ssignee liability is appropriate only where the disclosure 'can be determined to be incomplete or inaccurate from the face of the disclosure statement or other documents assigned.'" *Pannetta v. Milford Chrysler Sales, Inc.*, No. 14-05680, 2015 U.S. Dist. LEXIS 36020, at *7 (E.D. Pa. Mar. 23, 2015) (quoting 15 U.S.C. § 1641(a)). Further, the limitations on assignee liability under TILA preempt the Holder Rule. *Alkhatib v. N.Y. Motor Grp., LLC*, 2015 U.S. Dist. LEXIS 72055, at *68 (E.D.N.Y. June 3, 2015) (quoting *Ramadan*, 229 F.3d at 197); *Pannetta*, 2015 U.S. Dist. LEXIS 36020, at *7; *Diaz*, 424 F. Supp. 2d at 544.

Simply, because the Complaint does not allege that the RIC itself was facially defective, with respect to the trade-in value or any other term allegedly not disclosed to Plaintiffs, the TILA claim against GM Financial is unsustainable as a matter of law.

### B. Plaintiffs Fail to Plead the *Prima Facie* Elements For Any of Their Causes of Action in the Complaint [Counts II–VII]

The Complaint is comprised of conclusory recitations of claims with no attempt by Plaintiffs to even recite, let alone adequately plead, the elements for each cause of action. This defect requires dismissal of reach insufficiently pleaded count of the Complaint.

#### i. GBL §§ 349 and 350 [Counts II–III]

To sustain a viable claim under GBL §349, a plaintiff must establish "(1) the defendant's conduct was consumer-oriented; (2) the defendant's act or practice was deceptive or misleading in a material way; and (3) the plaintiff suffered an injury as a result of the deception. *Himmelstein v. Matthew Bender & Co.*, 37 N.Y.3d 169, 176 (2021). "[A] plaintiff seeking compensatory damages must show that the defendant engaged in a material deceptive act or practice that caused actual, although not necessarily pecuniary, harm." *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.*, 85 N.Y.2d 20, 26 (1995). If a plaintiff does not show "a single instance where ... [he] suffered any actual harm," the GBL § 349 claim cannot survive. *Smith v. Chase Manhattan Bank, USA*, 293 A.D.2d 598, 599–600 (2d Dep't 2002); *Small v. Lorillard Tobacco Co.*, 94 N.Y.2d 43, 56 (1999). Like claims for fraud, specificity is required to sustain a GBL § 349 claim. *Rider v. Uphold HQ Inc.*, 657 F. Supp. 3d 491, 499 (S.D.N.Y. 2023) (dismissing GBL §349 claim because "beyond the[] broad conclusory allegations, plaintiffs never specify what misrepresentations defendants made"). Relatedly, GBL § 350 prohibits "false advertising in the conduct of any business, trade or commerce or in the furnishing of any service." While GBL § 350

relates specifically to false advertising, "the standard for recovery under § 350 … is otherwise identical to [GBL §] 349." *Goshen v. Mut. Life Ins. Co. of N.Y.*, 98 N.Y.2d 314, 324 n.1 (2002).

Plaintiff's GBL § 349 and § 350 claims, in their entirety, are that "Empire Cadillac's misrepresentations regarding the trade-in and financing terms were materially misleading and consumer-oriented," and "Empire Cadillac falsely advertised the Vehicle and financing terms, inducing Plaintiffs into an unfair transaction." *Am. Compl.*, ⁋⁋ 22, 25. Plaintiff's claims are completely devoid of any factual allegations, fail to allege any details about any misrepresentation or false advertisement (such as where, when, and by whom), and merely generalizes that the conduct was "consumer-oriented." *Id.* This falls well short of setting for a viable claim under GBL § 349 and § 350, and accordingly, the claims should be dismissed.

**ii. Common Law Fraud [Count IV]**

To state a claim for fraud, a plaintiff must allege "a representation of a material, falsity, scienter, reliance and injury." *Kline v. Taukpoint Realty Corp.*, 302 A.D.2d 433, 433 (2d Dep't 2003) (citation omitted). Similarly, to state a claim for fraudulent misrepresentation, "a plaintiff must allege 'a misrepresentation or a material omission of fact which was false and known to be false by defendant, made for the purpose of inducing the other party to rely upon it, justifiable reliance of the other party on the misrepresentation or material omission, and injury.'" *Mandarin Trading Ltd. v. Wildenstein*, 16 N.Y.3d 173, 178 (2011) (quoting *Lama Holding Co. v Smith Barney Inc.*, 88 N.Y.2d 413, 421 (1996)). "Where a cause of action … is based upon misrepresentation [or] fraud… the circumstances constituting the wrong shall be stated in detail." CPLR § 3016(b); Fed. R. Civ. P. 9(b); *Ray v. Ray*, 2019 LX 68054, at *4 n.4 (S.D.N.Y. Mar. 28, 2019) (quoting *NM IQ LLC v. McVeigh*, 2004 WL 2827618, at *7 (S.D.N.Y. Dec. 9, 2004)) (describing CPLR § 3016(b) as "New York's version of Rule 9(b)"). Conclusory allegations, unsupported by factual detail, are insufficient to meet the "more stringent standard of pleading"

required by CPLR § 3016(b) and Rule 9(b). *See Edison Stone Corp. v. 42nd St. Dev. Corp.*, 145 A.D.2d 249, 251 (1st Dep't 1989) (citation and internal quotation marks omitted); *see also N.T. Univ. v. Cont'l Ins. Co.* 87 N.Y.2d 308, 319 (1995).

Here, Plaintiffs' claims are completely devoid of any factual allegations and do not come close to meeting the heightened standard required for fraud. In its entirety, Plaintiffs fraud claim is "Empire Cadillac knowingly made false representations about the transaction, including omitting the trade-in in documents submitted to the lender." *Am. Compl.*, ⁋ 28. Plainly, this cursory allegation is insufficient to sustain a fraud claim. *McGovern v. T.J. Best Bldg. & Remodeling, Inc.,* 245 A.D.2d 925, 927 (3d Dep't 1997) (dismissing fraud claim where plaintiffs failed to demonstrate underlying facts "with any degree of particularity…"); *Geary v. Hunton & Williams,* 257 A.D.2d 482, 684 N.Y.S.2d 207 (1st Dep't 1999) (dismissing allegations of fraud where plaintiff could show no injury). Accordingly, Count IV should be dismissed with prejudice.

**iii. Conversion [Count V]**

Plaintiffs claim, in conclusory fashion, that "Empire Cadillac wrongfully exercised dominion and control over Plaintiffs' trade-in vehicle by accepting it and failing to satisfy the lien, resulting in its unlawful repossession and sale." *Am. Compl.*, ⁋ 32. This conversion claim fails.

First, Plaintiffs' claim about the trade-in vehicle is tangential to RIC and not subject to the Holder Rule, as it concerns Empire Cadillac's subsequent failure to apply proceeds of the transaction and/or dispose of the trade-in vehicle in an appropriate manner. The Holder Rule "'places the assignee in the shoes of the seller' with regard to claims that buyers or lessees may have against an originating seller." *Psensky v. Am. Honda Fin. Corp.*, 378 N.J. Super. 221, 226–27 (App. Div. 2005). The Holder Rule is not a limitless sword against an assignee, as it is governed by foundational principles of assignments—the scope of liability for an assignee cannot be divorced from the scope of claims and defenses it would have against the other party to the

agreement. *See, e.g.*, *Curiale v. Hyundai Cap. Am.*, 2020 N.J. Super. Unpub. LEXIS 765, at *7–8 (N.J. Sup. Ct. App. Div. Apr. 27, 2020), *certif. den.*, 244 N.J. 346 (2020). Further, *timing* matters—"'an assignee stands in the shoes of its assignor and takes subject to those liabilities of its assignor *that were in existence prior to the assignment*.'" *Pierre*, 193 F. Supp. 3d at 176 (quoting *Diesel Props S.r.l. v. Greystone Bus. Credit II LLC*, 631 F.3d 42, 55 (2d Cir. 2011); N.Y. Gen. Oblig. Law § 13-105 ("'Where a claim or demand can be transferred, the transfer thereof passes an interest … subject to any defense or counter-claim, *existing against the transferrer, before notice of the transfer*….'")) (emphasis added) (other citations omitted); *Lafferty v. Wells Fargo Bank*, 213 Cal. App. 4th 545, 560, 153 Cal. Rptr. 3d 240, 251 (Cal Ct. App. 2013) ("The Holder Rule does not create any new claims or defenses for the consumer; it simply protects the consumer's *existing* claims and defenses.") (emphasis added). To the extent Plaintiffs claim that Empire Cadillac committed wrongdoing in connection with disposal of the trade-in vehicle, that is plainly outside the scope of the Holder Rule.

To the extent that Plaintiffs are alleging repossession of the Vehicle is part of a claim for conversion, the RIC provides: "If you default, we may take (repossess) the vehicle from you if we do so peacefully and the law allows it." *Wilson Decl.*, Ex. A at ⁋ 3(d). Accordingly, GM Financial was within its contractual and legal self-help rights to retrieve the vehicle, thus the repossession cannot amount to "conversion." Count V should therefore be dismissed.

**iv. Breach of Contract / UCC § 2-301, *et seq.* [Count VI]**

Plaintiffs' breach of contract claim, in its entirety, is comprised of a barebones allegation that "The [RIC] is a contract governed by New York' s UCC. Empire Cadillac materially breached the agreement by failing to account for the trade-in and failing to tender proper performance." *Am. Compl.*, ⁋ 35. This claim fails as pleaded.

"To prevail on a breach of contract claim under New York law, the plaintiff must prove: (1) the existence of a contract between itself and the defendant; (2) performance of the plaintiff's obligations under the contract; (3) breach of the contract by the defendant; and (4) damages. *Diesel*, 631 F.3d at 52. Further, to sustain a claim, a plaintiff must identify the specific provision of the contract that the defendant breached. *Gordon v. Curtis*, 68 A.D.3d 549, 550 [(1st Dep't 2009); *Atkinson v. Mobil Oil Corp.*, 205 A.D.2d 719, 720 (2d Dep't 1994); *Sutton v. Hafner Valuation Group, Inc.*, 115 A.D.3d 1039, 1042 (3d Dep't 2014) ("[P]laintiff failed to specify the provisions of the contract that were allegedly breached …. The cause of action could be dismissed based on that error alone.").

Here, the Complaint is devoid of specificity of which term of the RIC was breached. The Complaint is premised on the notion that the trade-in value was *not* included in the RIC, thus, Plaintiffs cannot sustain a breach-of-contract claim premised on a non-existent term being violated.

The Complaint also references the Uniform Commercial Code ("UCC"), namely "UCC § 2-301 *et seq*." *Am Compl.*, ⁋⁋ 35–36. It is unclear why the UCC is mentioned, though as a matter of law, Article II is inapplicable because this is a consumer transaction and not a transaction between merchants. *Suzy Phillips Originals, Inc. v. Coville, Inc.*, 939 F. Supp. 1012, 1017 (E.D.N.Y. 1996) ("In New York, [UCC] Article 2 governs disputes concerning the sale of goods between merchants."), aff'd, 125 F.3d 845 (2d Cir. 1997). Simply, "UCC § 2-301 *et seq.*" has no relevance to the RIC here.

Because the Complaint fails to plead a viable claim for breach of contract, Count VI should be dismissed with prejudice.

**v. Negligent Misrepresentation [Count VII]**

Lastly, Plaintiffs assert, in barebones fashion, that "Empire Cadillac owed Plaintiffs a duty to act with reasonable care in representing material terms of the transaction. Empire Cadillac breached this duty, causing foreseeable harm." *Am. Compl.*, ⁋ 38. This claim is facially defective.

"To establish a negligence claim under New York law, a plaintiff must demonstrate that: [i] the defendant owed the plaintiff a cognizable duty of care as a matter of law; [ii] the defendant breached that duty; and [iii] plaintiff suffered damage as a proximate result of that breach." *Phx. Cos. v. Concentrix Ins. Admin. Sols. Corp.*, 554 F. Supp. 3d 568, 589 (S.D.N.Y. 2021) (citations omitted). "To state a claim for negligent misrepresentation under New York law, a plaintiff must plead [i] the existence of a special or privity-like relationship imposing a duty on the defendant to impart correct information to the plaintiff; [ii] that the information was incorrect; and [iii] reasonable reliance on the information." *Mandarin Trading Ltd. v. Wildenstein*, 16 N.Y.3d 173, 180 (2011); *accord Crawford v. Franklin Credit Mgmt.*, 758 F.3d 473, 490 (2d Cir. 2014). Notwithstanding these elements, a "tort claim cannot be sustained if it does no more than assert violations of a duty which is identical to and indivisible from the contract obligations which have allegedly been breached." *Phoenix Cos.*, 554 Supp. 3d at 589 (citations and alterations omitted). "[A] breach of contract will not give rise to a tort claim unless a legal duty independent of the contract itself has been violated." *Id.* (citations and alterations omitted).

Here, the Complaint does not (because Plaintiffs cannot) attempt to satisfy any of these required elements. Plaintiffs do not allege a duty of care existed separate and apart from the RIC, which clearly precludes any common law tort liability from surviving past the motion-to-dismiss stage of this litigation. The Court should dismiss Plaintiffs' conclusory claim with prejudice.

## III. DISMISSAL SHOULD BE WITH PREJUDICE BECAUSE FURTHER AMENDMENT CANNOT SALVAGE PLAINTIFFS' DEFECTIVE CLAIMS

Dismissal against GM Financial should be with prejudice because the Complaint is irreparably defective. "'[T]he decision of whether to allow plaintiffs to amend their complaint is left to the sound discretion of the district court.' The only limitation on the district court's discretion is that it acts with 'good reason.' 'One good reason to deny leave to amend is when such leave would be futile.'" *United States ex rel. Grubea v. Rosicki*, 319 F. Supp. 3d 747, 751 (S.D.N.Y. 2018) (quoting *Acito v. IMCERA Grp.*, 47 F.3d 47, 55 (2d Cir. 1995)). Dismissal is particularly warranted where leave to amend has previously been afforded. *Id.*

Here, the Complaint should be dismissed against GM Financial with prejudice—no amount of artful pleading or tweaking of the Complaint will salvage Plaintiffs' defective claims. The Court has already permitted Plaintiffs to amend their claims, and further amendment cannot cure Plaintiffs' unsustainable claims against GM Financial. *See, e.g.*, *James v. Gage*, 2019 U.S. Dist. LEXIS 55229, at *21–23 (S.D.N.Y. Mar. 29, 2019) (collecting cases describing how factual admissions and allegations in an original complaint may not be ignored in a contradictory superseding complaint). Accordingly, the Court should dismiss the Complaint, in its entirety, with prejudice.

## CONCLUSION

For the reasons set forth above, the Court should dismiss the Second Amended Complaint against GM Financial with prejudice.

**REED SMITH LLP**

*/s/ David G. Murphy*
David G. Murphy, Esq.

Dated: July 31, 2026